# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO MCKENZIE,<br><br>Plaintiff,<br><br>v.<br><br>E. BANUELOS, et al.,<br><br>Defendants. | Case No. 1:14-cv-00434 AWI DLB PC<br><br>Kings County Superior Court Case No. 13CV0982<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br>[ECF No. 19]<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT<br>[ECF No. 21] |

This civil rights action was filed in Kings County Superior Court by Plaintiff Gustavo McKenzie, a state prisoner proceeding pro se. On March 25, 2014, Defendant removed this action to federal court. On March 11, 2015, the Court screened the complaint and dismissed it with leave to amend. On April 8, 2015, Plaintiff filed a First Amended Complaint. He named Correctional Officers E. Banuelos, L. Gallardo, G. Stoll, and Charlet, Correctional Sergeant D. B. Hernandez, and Appeal Coordinators S. Harrison and Karen Cribbs as Defendants. Plaintiff alleges violations of his rights under the United States Constitution and California Constitution.

On February 24, 2016, the Magistrate Judge issued a Findings and Recommendation that recommended the First Amended Complaint be DISMISSED without leave to amend for failure to state a claim. On March 21, 2016, Plaintiff filed objections to the Findings and

1 Recommendation. Defendants did not file objections or a reply to Plaintiff's objections.

2 On March 21, 2016, Plaintiff also filed a motion to remand the action to the state court in
3 the event the federal complaint is dismissed for failure to state a federal claim for relief.

4 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted
5 a de novo review of this case. Having carefully reviewed the entire file, the Court finds that the
6 Findings and Recommendations are supported by the record and by proper analysis. Plaintiff
7 does not state a due process claim because California provides an adequate post-deprivation
8 remedy for any property deprivations. See Hudson v. Palmer, 468 U.S. 517, 533 (1984);
9 Johnson v. Bruzunetti, 553 Fed. Appx. 752 (9th Cir. 2014); Barnett v. Centoni, 31 F.3d 813,
10 816-17 (9th Cir. 1994).

11 With respect to Plaintiff's motion to remand, under 28 U.S.C. § 1441(a), a defendant may
12 remove from state court any action "of which the district courts of the United States have
13 original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising
14 under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence
15 or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which
16 provides that federal jurisdiction exists only when a federal question is presented on the face of
17 the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392
18 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the
19 claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," id., and
20 existence of federal jurisdiction is determined by the complaint at the time of removal, Libhart v.
21 Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).

22 In this instance, Plaintiff specifically alleged claims for relief arising from the violation of
23 the United States Constitution. Because Plaintiff's complaint sets forth federal claims,
24 Defendants were entitled to remove the action to this court. However, Plaintiff's First Amended
25 Complaint fails to state any cognizable federal claims under section 1983 and based on the
26 nature of the deficiencies, further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d
27 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130. With the dismissal of all federal
28 claims, the Court will decline to exercise supplemental jurisdiction over the remaining state law

claims, and will remand those claims back to the Kings County Superior Court for further proceedings. 28 U.S.C. § 1367(c)(3); Foster v. Wilson, 504 F.3d 1046, 1051-52 (9th Cir. 2007); Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1147-48 (9th Cir. 2003).

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations is ADOPTED IN FULL;
2. The First Amended Complaint is DISMISSED without leave to amend for failure to state a federal claim under Section 1983;
3. Plaintiff's motion for remand is GRANTED; and
4. This action is REMANDED forthwith to the Kings County Superior Court.

IT IS SO ORDERED.

Dated:   April 5, 2016                                  _____
                                                        SENIOR DISTRICT JUDGE